**UNITED STATES of America, Plaintiff–Appellee,**

v.

**John Edward JACKSON, a/k/a Aaron Green, Defendant–Appellant.**

**No. 06–4660.**

United States Court of Appeals, Fourth Circuit.

Submitted: March 22, 2007.

Decided: March 27, 2007.

Herbert L. Hively, II, Hurricane, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Charleston, West Virginia, R. Gregory McVey, Assistant United States Attorney, Huntington, West Virginia, for Appellee.

Before WIDENER and WILKINSON, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Edward Jackson pled guilty pursuant to a plea agreement to one count of possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000). Jackson was sentenced by the district court to 262 months' imprisonment. On appeal, Jackson contends the sentence imposed by the district court was unreasonable because it included an enhancement under the career offender guideline. We affirm.

When reviewing the district court's application of the Sentencing Guidelines, this court reviews findings of fact for clear error and questions of law de novo. *United States v. Green*, 436 F.3d 449, 456 (4th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 2309, 164 L.Ed.2d 828 (2006). A sentence is unreasonable if based on an error in construing or applying the Sentencing Guidelines. *Id.* at 456–57. Jackson argues that the district court should have sentenced him within the guideline range established by his offense conduct and criminal history because it was sufficient to satisfy 18 U.S.C. § 3553(a) (2000). However, because Jackson does not allege

that the district court relied on an improper fact or erred in its determination that Jackson satisfied the criteria for enhancement as a career offender, we conclude that his sentence is reasonable.

Accordingly, we affirm the judgment of the district court. Additionally, we deny Jackson's pro se motion for appointment of new counsel on appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED.*